**FILED**

OCT - 5 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) |
| | ) Criminal Action No. 93-447-02(RCL) |
| v. | ) |
| | ) |
| ANTHONY J. IRVING, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM

### I.    INTRODUCTION

Defendant Anthony Irving's motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence

based on amendments to the United States Sentencing Guidelines is before this Court. Upon

consideration of the motion, the Government's response to the motion, the defendant's reply,

applicable law, and the entire record herein, the motion will be GRANTED.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 1994, a jury rendered a verdict of guilty against Irving for the unlawful

possession with intent to distribute cocaine base, also known as crack cocaine, in violation of 21

U.S.C. § 841(a)(1). On October 3, 1994, the Court sentenced Irving to a 168-month term of

incarceration, to be followed by five years of supervised release. This sentence was based on a

finding that the applicable sentencing range under the United States Sentencing Guide was 168 to

210 months, given defendant's criminal history category of II and offense level of 34.[1]

---

[1] The Probation Office's Memorandum dated November 3, 2008 and the Defendant's Motion to Reduce Sentence dated October 9, 2008, incorrectly lists the applicable guidelines range based on a mistake in the Statement of Reasons attached to the Judgment. The Statement of Reasons incorrectly listed a criminal history category III, but with a correct sentencing range of 168 to 210, consistent with a criminal history category II and with the Presentence Investigation Report, which was adopted by the Court.

Effective November 1, 2007, the United States Sentencing Commission amended the Guidelines to provide for a two level reduction in the base offense level for crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Later, Amendment 713 made the reduction retroactively applicable. U.S.S.G. App. C, Amend. 713 (Supp. 2008). On October 9, 2008, the defendant filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 and the amendments to the Guidelines. Defendant asks this Court to apply the revised sentencing guidelines pursuant to the factors set forth in U.S.C. § 3553(a). For the reasons that follow, defendant's motion will be granted.

## III.   <u>ANALYSIS</u>

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not ordinarily modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 provides for such a reduction and both parties agree that Amendment 706 applies in this case. However, the Court's power to reduce sentence is discretionary. In evaluating a §3582(c)(2) motion the district court must determine "the amended guidelines range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in

2

subsection (c) had been in effect at the time the defendant was sentenced . . . ." U.S.S.G. § 1B.10(b). Additionally, the court must consider the factors listed in § 3553(a).

In determining a sentence that is "sufficient, but not greater than necessary" to fulfill these penological objectives, a court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the penological purposes stated above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any applicable Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Further, U.S.S.G. § 1B1.10 comment., n.1(B)(ii) directs the district court, when considering a sentence reduction as a result of an amended guideline, to "consider the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment." Additionally, the district court is allowed to consider post-sentencing conduct when determining whether-and to what extent-a reduction is warranted. U.S.S.G. § 1B1.10 comment., n.1(B)(ii). All original sentencing determinations are to remain unchanged with only the amended guideline range substituted for the unamended guideline range used at sentencing. *See* U.S.S.G. § 1B1.10, comment. n.2.

The government argues against any reduction in Irving's sentence based on his prior convictions involving the unlawful distribution of possession of controlled substances and his conduct during the proceedings against him. Specifically, the government emphasizes that the defendant grinned and looked at the government's main witness after his guilty verdict was

3

announced and made a slashing motion across his throat. Additionally, defendant extended his middle finger toward the jury after his guilty verdict was announced. Further, the government highlights the defendant's post-sentencing disciplinary infractions, including assaults, fights, destruction of property and insolence. The defendant notes however that most of the disciplinary problems in the defendant's record occurred more than ten years ago and that he has "worked hard to advantage of the programs offered by the Bureau of prisons that are designed to prepare him to be a productive citizen." *See Def.'s Reply to United States' Opposition to Mot. For Reduction of Sentence*. Additionally, the defendant emphasizes that he was just twenty years old at the time of the instant offense.

While the Court recognizes the defendant's misconduct at the federal institution at which he is serving his sentence, the Court also notes the rehabilitative developments that the defendant has made while incarcerated. Since his imprisonment, the defendant has earned his GED and participated in numerous programs, including drug education and anger management courses. Reducing the defendant's sentence furthers the policy objectives to be achieved through federal sentencing, namely to "promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Further, the sentencing scheme seeks to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). The Court agrees with the defendant that his prior convictions are adequately accounted for in his criminal history category. Therefore, the Court agrees with the defendant that a reduction in his sentence serves each of these policies.

The applicable amended sentencing range is 135 to 168 months, given defendant's criminal history category of II and offense level of 32. At his sentencing in 1994, the Court

4

sentenced Irving at the lowest end of the guideline range and this Court finds that a reasonable determination. Therefore, defendant's motion to reduce his sentence pursuant to § 3582 will be granted and defendant will be sentenced to 135 months.

## IV.   CONCLUSION

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary," to comply with the factors it spells out.  The Court concludes that a reduction to a 135-month term of incarceration is sufficient to reflect the seriousness of the offense and provides just punishment. Accordingly, the defendant's motion to reduce sentence will be granted and the defendant's previously imposed sentence of imprisonment of 168 months is reduced to 135 months.

A separate order shall issue this date.

_____          _____
Chief Judge Royce C. Lamberth                          Date

10/5/09